United States Court of Appeals
For the Eighth Circuit
_____

No. 13-1016
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Manning

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 27, 2013
Filed: January 3, 2014

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury convicted Michael Manning of one count of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B), respectively. The district court[1] sentenced him

---

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

to the statutory maximum for each offense: 240 months for receipt and 120 months for possession. The court ordered the sentences to run consecutively, resulting in a total prison term of 360 months. The court also imposed a lifetime term of supervised release.

Manning presents several arguments on appeal. First, he challenges the sufficiency of the evidence at trial, claiming the government failed to prove beyond a reasonable doubt that he knowingly possessed or received child pornography. Second, he contends the district court erred in admitting online conversations he had with other persons discussing the exchange of child pornography. Third, he argues his convictions for both receipt and possession violate his Fifth Amendment right to be free from double jeopardy. Fourth, Manning alleges the ultimate sentence the district court imposed was substantively unreasonable. We affirm.

I. Background

We discuss the facts of this case "'in the light most favorable to the jury's verdict.'" United States v. Worthey, 716 F.3d 1107, 1109 (8th Cir. 2013) (quoting United States v. Tremusini, 688 F.3d 547, 550 n.2 (8th Cir. 2012)).

In July 2010, Missouri law enforcement officers used an online "peer-to-peer" file-sharing program to download three images and one video of child pornography from an Internet Protocol ("IP") address in Sullivan, Missouri. The IP address originated from an account belonging to Michael Manning. Law enforcement subsequently executed a search warrant at Manning's residence on September 25, 2010. Manning was the only person at the home when officers arrived, and he denied downloading or having child pornography in his possession. Manning admitted during the search that he owned a laptop, that it was password-protected, that his login username to access the computer was "mem659," and that he used a secured internet connection. He suggested in response to questioning that three of his friends

could have accessed his computer and downloaded the images. Despite going through a contentious divorce with his wife at the time, Manning did not suggest to anyone during the search that she or someone she knew may have been responsible for putting the child pornography on his computer.

The search of Manning's residence recovered, among other things, three compact discs and a laptop computer. Initially, the evidence log for the search recorded only two discs found in separate plastic cases. An officer involved with the investigation testified at trial that a third disc (the "Memorex disc") was located behind another disc in one of the plastic cases. Before leaving Manning's home, one of the officers sealed the plastic cases in an envelope and placed them in the officer's locked office. When the envelope was subsequently transferred to a forensics lab and unsealed to investigate the discs' contents, the forensics examiner found the Memorex disc. The Memorex disc contained 14 videos of child pornography and was added to the inventory list of items seized from Manning's home. The detective who conducted the forensics examination did not find any indication that the contents of the Memorex disc had been altered after the time of the search.

Law enforcement found 1,029 images and 49 video files on the laptop, all depicting child pornography. In addition, an analysis of the laptop revealed several online chat conversations conducted on the laptop by a person employing the usernames "boost_virgin" and "mem659." During these conversations, the person operating under username "boost_virgin" said at various times that he was 31 years old, from Missouri, five feet eight inches tall, and the father of two sons who were 6 and 10 years old. Based on this identifying information and the fact that the chats were conducted by a person using Manning's laptop, law enforcement determined it was Manning, operating under the user names "boost_virgin" and "mem659," who engaged in these chats with other unknown individuals from the internet.

The chat conversations contained prodigious amounts of incriminating information against Manning. Manning frequently discussed with other internet users the different "types" of child pornography he was seeking to download and his enjoyment of child pornography in general. The online chats also discussed Manning's sexual abuse of his 6 and 10 year old sons. The sons were interviewed by social services and initially denied any sexual abuse by their father. The younger son was later re-interviewed and disclosed that Manning sexually abused him on multiple occasions.

At trial, the jury saw samples of the images and videos depicting child pornography recovered from the laptop and Memorex disc. The jury also saw several portions of the online chat conversations, but the district court granted Manning's pretrial motion in limine to exclude sections of the chats detailing Manning's abuse of his children. Manning objected to the admission of any of the chat conversations, arguing that there was insufficient evidence to establish that he was one of the participants in the chats and that they therefore constituted inadmissible hearsay. Manning separately challenged the admission of the Memorex disc, contending that chain-of-custody questions rendered the disc inadmissible. The district court overruled these objections.

Manning was the only witness for the defense. He testified that he owned the laptop recovered by law enforcement but that the computer desk where the laptop and discs were found belonged to him and his wife. According to Manning, although he and his wife were going through a divorce and she did not live at the home at the time of the search, she knew the usernames and passwords to access both his computer and the wireless internet in the home. He believed his wife and a man Manning suspected was having an affair with her had either broken into his home or used "remote access software" to plant the child pornography and chat conversations on his computer. As stated earlier, Manning mentioned neither his wife nor her purported lover as potential culprits to the officer who interviewed him during the search of his home.

-4-

The jury returned guilty verdicts for both receipt and possession of child pornography.  For the receipt count, the jury found that Manning downloaded certain images depicting child pornography using a "peer-to-peer" file-sharing service.  For the possession count, the jury found that Manning possessed other child pornography images on the Memorex disc.

During the sentencing hearing, the government presented the portions of the chat transcripts excluded at trial that detailed Manning's sexual abuse of his own sons.  In addition, a social investigator testified about an interview she conducted with Manning's youngest son where the son told the investigator how Manning had repeatedly sexually abused him.  A video-taped interview with the child discussing the abuse was played for the district court during the hearing.  The court considered and rejected several of Manning's objections to the presentence report and imposed a sentence of 240 months for the receipt conviction and 120 months for the possession conviction.  The court ordered that the sentences run consecutively, resulting in a total term of imprisonment of 360 months.  Manning received a life term of supervised release to follow his prison sentence.  This appeal followed.

## II.  Discussion

The discussion proceeds as follows.  First, we review evidentiary rulings concerning the district court's admission of the chat transcripts and the Memorex disc into evidence at trial.  Second, we determine whether the evidence was sufficient to support the jury's verdicts that Manning knowingly received and possessed child pornography.  Third, we decide whether Manning's conviction for both receipt and possession based on the evidence presented at trial constitutes double jeopardy in violation of the Fifth Amendment. Fourth, we review the substantive reasonableness of Manning's sentence.

## A.  Evidentiary Challenges

We review evidentiary rulings of a district court for abuse of discretion, United States v. Yarrington, 634 F.3d 440, 447 (8th Cir. 2011), giving substantial deference to the district court's determinations, United States v. Van Elsen, 652 F.3d 955, 958 (8th Cir. 2011).  This court may reverse only if an error "affects the substantial rights of the defendant" or has "more than a slight influence on the [jury's] verdict." Yarrington, 634 F.3d at 447.

### i.  Chat Transcripts

Manning argues that the district court abused its discretion in admitting chat transcripts related to the usernames "boost_virgin" and "mem659" discovered on Manning's computer.  These chat conversations were used to establish Manning's interest in trading child pornography online, as well as his sexual interest in children. Manning renews his objection here that the chats constitute hearsay because they were offered to prove that Manning was the speaker in the chats even though the district court allegedly did not make a preliminary finding of fact under Federal Rule of Evidence 104(a) as to whether Manning was one of the persons engaged in the chats.  Alternatively, Manning asserts that the government did not establish by a preponderance of the evidence that Manning was one the persons in these conversations.  Manning also challenges the admission of the statements in the chat transcripts made by his chat conversation partners, arguing that such statements are hearsay not within any exception.

Manning's arguments concerning the admissibility of the chats are unpersuasive.  Before admitting portions of the transcripts of the online chat conversations into evidence, the district court heard extensive arguments from Manning's counsel that the chats constituted inadmissible hearsay and did not sufficiently identify Manning as the person operating under the usernames

-6-

"boost_virgin" and "mem659." In ruling on admissibility, the district court confirmed that portions of the chats contained identifying information about Manning. In addition, the government presented testimony of a law enforcement officer who helped to execute the search warrant, and the officer testified that the defendant admitted adopting the username "mem659" for his computer account. The username for his computer account was the same one used in some of the chats.

Such identifying information, coupled with the undisputed fact that the chats were found on Manning's personal laptop found in a home where he lived alone, was sufficient for the district court to find that Manning was the person participating in the chats under the usernames "boost_virgin" and "mem659." Accordingly, we hold that the court did not abuse its discretion in admitting the chats into evidence.[2]

The chats were admissible for an additional reason: as circumstantial evidence (i.e., a non-hearsay purpose) associating Manning with the child pornography found on his computer. In United States v. Koch, 625 F.3d 470 (8th Cir. 2010), our court affirmed a district court's decision to admit evidence of documents found on a computer and flash drive that contained information identifying the defendant. Id. at 479–80. This court held that it was within a trial court's discretion to admit the documents as circumstantial evidence associating the defendant with the computer and flash drive (both of which contained illegal images). Id. at 480. As in Koch, here the chat transcripts found on the computer can alternatively be construed as

---

[2]To the extent Manning argues the district court made no explicit finding that one of the speakers in the chats was Manning, we disagree. In any event, such an argument is without merit, as the district court made at least an implicit finding and is not required to make an explicit finding in its admissibility determination. See Wright, et al., Preliminary Fact Determinations by Judge—Procedure, 21A Fed. Prac. & Proc. Evid. § 5053.6 (2d ed.) (noting that F.R.E. 104(a) "does not require the judge to make *explicit* findings of fact") (emphasis added).

circumstantial evidence connecting Manning to the child pornography on the computer and on the Memorex disc discovered near the computer. In other words, no matter how the chat conversations are characterized, the district court was within its discretion to admit them.

Further, the statements of the unknown parties to the chat conversations with Manning were not hearsay because the statements were not offered for their truth but rather to provide context for Manning's responses. In United States v. Cooke, 675 F.3d 1153 (8th Cir. 2012), this court held that an unknown individual's statements in a sexually explicit email exchange with a defendant were not hearsay because the unknown individual's statements were not offered for their truth. Id. at 1156. For example, the unknown person's statement: "I am 16 is that okay?" provided context for the defendant's response: "thats cool that ur young, but I don't want u to narc." Id. Our court held that the unknown person's statement provided context for the defendant's response and that the truth of the statement was immaterial. Id. at 1156–57; see also United States v. Burt, 495 F.3d 733, 738–39 (7th Cir. 2007) (concluding that online chat conversations discussing child pornography were not offered for their truth but to provide context for defendant's admissions).

The same analysis applies to this case. The statements of the unknown participants in the chat conversations found on Manning's computer were not offered for their truth, but to provide context for Manning's responses—responses that revealed Manning's identity, his preferences for different types of child pornography, and his desire to exchange child pornography with other people online. The district court was within its discretion in admitting the conversations.

-8-

### ii. Memorex Disc

Manning next argues that the district court abused its discretion in admitting the Memorex disc into evidence over Manning's foundation and chain-of-custody objections. Specifically, Manning highlights inconsistencies in the evidence logs documenting the receipt of multiple compact discs into evidence. He believes the government provided an insufficient evidentiary basis for the district court to admit the disc.

Manning's argument is unsupported by law or the facts of this case. Generally, physical evidence may be admitted if a chain of custody is established that shows a "reasonable probability that the evidence has not been changed or altered." United States v. Brumfield, 686 F.3d 960, 965 (8th Cir. 2012). In resolving chain-of-custody challenges, this court presumes that custodians have preserved the integrity of the evidence absent a sufficient showing of bad faith, ill will, or proof of tampering. Id. A defect in the chain of custody "typically affects the weight of the evidence rather than its admissibility." Id.

The government presented evidence that during the search of Manning's residence, officers recovered what they believed were two compact discs in separate plastic cases. When the Memorex disc was found behind one of the discs in one of the plastic cases, the Memorex disc was added to the list of items seized. No proof of bad faith, ill will, or tampering was shown, id., and any alleged inconsistencies Manning pointed out in the evidence logs were properly challenged on cross-examination. In other words, Manning offers no evidence to defeat the Memorex disc's presumption of integrity; consequently, the district court did not abuse its discretion in admitting it. See United States v. Wilson, 565 F.3d 1059, 1066 (8th Cir. 2009) ("The location and custody of the cellular phone were adequately identified and [the defendant] has failed to aver any facts showing change or alteration of the images

-9-

on the cellular phone.  Accordingly, he has failed to rebut the presumption of integrity.  As a result, the district court did not abuse its discretion in admitting the cellular phone.").

B.  Sufficiency of the Evidence

Manning argues that the evidence was insufficient for a reasonable jury to conclude beyond a reasonable doubt that he "knowingly" received and possessed child pornography.  This court reviews the sufficiency of the evidence in a jury trial *de novo*, Yarrington, 634 F.3d at 449, but we examine the evidence in a light most favorable to the jury's verdict, resolving factual disputes and accepting all reasonable inferences in favor of upholding the verdict, id.  We will affirm a jury's verdict "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Worthey, 716 F.3d at 1113.  We examine the facts supporting each conviction separately.

i.  Receipt Conviction

Manning was convicted of violating 18 U.S.C. § 2252A(a)(2), which makes it a crime to "knowingly receive[]" "any child pornography" that has been transported in interstate commerce "by any means, including by computer."  Manning claims no reasonable jury could have concluded beyond a reasonable doubt that Manning "knowingly" received the child pornography found on the hard drive of his laptop. This is so, according to Manning, because the evidence never demonstrated directly that he was the person who was using the computer to download the illegal images. He argues that in light of his so-called "remote access" theory—that someone, perhaps his wife or her purported lover, used a computer program to plant the child pornography and chat conversations on his computer in order to frame him—no

-10-

reasonable jury could conclude beyond a reasonable doubt that he was the person who downloaded the files.

We disagree. The evidence presented at trial concerning Manning's knowledge of receipt was strong and provided sufficient support for a guilty verdict. Law enforcement initially identified a computer with an IP address listed in Manning's name that was offering child pornography for download on a peer-to-peer file-sharing service. Manning admitted to law enforcement that (a) he owned the computer alleged to have downloaded internet pornography; (b) access to the computer and internet was password-protected; and (c) he employed the username "mem659" for the computer, which was also a username for some of the chats found on it. Those chats further established Manning's knowledge of receipt, as they revealed, among other things, copious amounts of discussion concerning the exchange of child pornography with other users of file-sharing services. More directly, several chats disclosed identifying information concerning Manning's height, weight, age, and state of residence. This identifying information was disclosed in the context of discussing the exchange of child pornography with others.

To the extent Manning believes he is entitled to relief based on his "remote access" theory, he fundamentally misunderstands the role of the jury and the nature of appellate review. "[I]t is axiomatic that we do not review questions involving the credibility of witnesses, but leave credibility questions to the jury." United States v. Dabney, 367 F.3d 1040, 1043 (8th Cir. 2004). The jury was free to reject Manning's theory, and it did when it found that Manning was the person operating his computer when the child pornography was downloaded. Accordingly, a reasonable jury could conclude beyond a reasonable doubt that Manning knowingly received the unlawful images.

-11-

ii. Possession Conviction

18 U.S.C. § 2252A(a)(5)(B) criminalizes the knowing possession of child pornography. Manning's possession conviction was based on images discovered on the Memorex disc. Manning argues that no reasonable jury could conclude beyond a reasonable doubt that he knowingly possessed the Memorex disc. Specifically, he contends that the mere fact that the disc was seized during a search of his home was insufficient, standing alone, to support a jury conviction.

Manning's argument fails to acknowledge the full scope of evidence against him. For one, he lived alone in his home when the disc was recovered from the desk where the laptop was seized. And the chat conversations detailing Manning's extensive knowledge of, and interest in, child pornography, were probative as circumstantial evidence regarding Manning's knowing possession of the Memorex disc. The jury, exercising its role as trier of fact, rejected Manning's alternate theory—that his wife had planted the disc in order to frame him. Accord <u>United States v. Huether</u>, 673 F.3d 789, 797 (8th Cir. 2012) (concluding that the district court correctly instructed the jury "as trier of fact" that they were free to accept or reject testimony from witnesses at trial). We hold that the evidence was sufficient to support the jury's verdict on possession.

C.  Double Jeopardy

Manning argues that his convictions and sentences for both receipt and possession of child pornography violate the Double Jeopardy Clause of the Fifth Amendment. Manning failed to raise this argument below, so we review his claim for plain error. "To obtain relief under a plain-error standard of review, the party seeking relief must show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously

-12-

affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mesteth, 687 F.3d 1034, 1037 (8th Cir. 2012).

The Double Jeopardy Clause forbids imposing multiple punishments for the same criminal offense. United States v. Muhlenbruch, 634 F.3d 987, 1002 (8th Cir. 2011). To prove a violation, Manning must demonstrate that he was convicted of "two offenses that are in law and fact the same offense." Id. (internal quotation marks omitted). This circuit has held that possession of child pornography is a lesser-included offense to receipt of child pornography. Id. at 1003 (concluding that proof of receiving child pornography necessarily includes proof of possession of child pornography and that "Congress did not intend to impose multiplicitous punishment for these offenses"); compare 18 U.S.C. § 2252(a)(4)(B), with 18 U.S.C. § 2252(a)(2). As such, the issue here is whether Manning's convictions for possession and receipt "were based on the same facts." Huether, 673 F.3d at 798.

The amended indictment in this case charged Manning with one count of receipt of child pornography and one count of possession of child pornography. Significantly, the charges in the indictment were predicated on different facts and images. The charge for receipt of child pornography was based on images downloaded over the internet between August 14, 2010 and September 25, 2010. In contrast, the charge for possession specified that at dates unknown but up until September 25, 2010, Manning possessed the Memorex disc that contained two child pornography video files *different* from the files identified in the receipt count. Accordingly, the receipt and possession charges were based on separate facts.

This circuit has held that when a defendant is charged with both a greater and lesser offense, "the jury must be instructed that they cannot convict [defendant] for both offenses based on the same facts." Huether, 673 F.3d at 798. In Manning's case, this means the jury could not use the same pieces of evidence to convict him of both

-13-

receipt and possession. As discussed above, the indictment specified different facts and images for each charge. Similarly, the jury form asked the jury to identify which images they found Manning received on his laptop, and which images Manning possessed on the Memorex disc. The jury selected different images for each offense. Nothing in the record suggests Manning was convicted "of receiving the same images that he was also found to have possessed," Huether, 673 F.3d at 798, and thus no double jeopardy violation occurred, see United States v. Burman, 666 F.3d 1113, 1117 (8th Cir. 2012) ("Possession is generally a lesser-included offense of receipt; however, in this case, the superceding indictment does not indicate that the receipt and possession counts are based on the same facts and images.").

### D. Sentencing Challenges

Manning argues that his 360-month sentence is substantively unreasonable because the district court did not address a purported disconnect between the child pornography guidelines under U.S. Sentencing Guidelines Manual § 2G2.2 and the statutory sentencing factors under 18 U.S.C. § 3553(a). Specifically, he claims that the child pornography guidelines routinely produce sentences at or near the statutory maximum penalties even in mine-run cases and reflect the political will of a few Congressional members instead of the data-driven expertise of the United States Sentencing Commission. Manning argues that he presents a "mine-run case," that his conduct was "typical," and that therefore the district court abused its discretion by relying too heavily on Section 2G2.2 in fashioning his sentence.

We review the substantive reasonableness of Manning's sentence under a "deferential abuse-of-discretion standard." United States v. Beasley, 688 F.3d 523, 535 (8th Cir. 2012). An abuse of discretion may occur if a sentencing court ignores a relevant factor that should have received significant weight, gives too much weight to an irrelevant or improper factor, or commits a clear error of judgment even when

-14-

weighing only appropriate factors.  Id.  If the district court imposes a within-Guidelines sentence, this court presumes the sentence is reasonable, and Manning bears the burden to rebut the presumption.  Id.

Manning's argument is not persuasive.  This court applies a presumption of reasonableness to a within-Guidelines sentence, even if the guideline that provides the sentence is a product of Congressional direction.  See United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012).  And while a district court may choose to deviate from the guidelines because of a policy disagreement, cf. Kimbrough v. United States, 552 U.S. 85, 110 (2007), "a district court is not required to do so," Black, 670 F.3d at 882.  In this case, in addition to Manning's jury convictions for possession and receipt of child pornography, at sentencing the government offered a videotape statement by one of Manning's sons where the child detailed how his father had repeatedly sexually abused him.  The district court considered the child's testimony in arriving at Manning's ultimate sentence. On its face, such testimony defeats Manning's argument that he presents a "typical" child pornography case undeserving of a purportedly draconian within-Guidelines sentence.  We hold that Manning's sentence was not substantively unreasonable.

### III.

The evidence was sufficient to convict Manning of one count of receipt of child pornography and one count of possession of child pornography. We reject Manning's evidentiary challenges and his claim that his convictions for receipt and possession in this case constitute double jeopardy.  Accordingly, we affirm the judgment of the district court.

_____

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

January 03, 2014

Mr. Kenneth Rader Schwartz
LAW OFFICES OF KENNETH R. SCHWARTZ
Suite 204
7751 Carondelet Avenue
Clayton, MO  63105

RE:  13-1016  United States v. Michael Manning

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

DMS

Enclosure(s)

cc:  Ms. Tiffany Gulley Becker
     Ms. Erin Granger
     Mr. Michael Manning
     Mr. James G. Woodward

District Court/Agency Case Number(s):   4:12-cr-00103-CEJ-1

# United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

January 03, 2014

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE:  13-1016  United States v. Michael Manning

Dear Sirs:

An opinion was filed today in the above case.

Counsel who represented the appellant was Kenneth Rader Schwartz of Clayton, MO.

Counsel who represented the appellee was Tiffany Gulley Becker, AUSA, of Saint Louis, MO.

The judge who heard the case in the district court was Honorable Carol E. Jackson. The judgment of the district court was entered on December 11, 2012.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

DMS

Enclosure(s)

cc:  Lois Law
     MO Lawyers Weekly

District Court/Agency Case Number(s):   4:12-cr-00103-CEJ-1